HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAN MA,

        Plaintiff,

   v.

TODD YOUNG, *et. al*,

        Defendants.

Case No. 2:20-cv-01265-RAJ

**ORDER GRANTING MOTION TO DISMISS**

## I.   INTRODUCTION

This matter is before the Court on Defendant's motion to dismiss. Dkt. # 26. For the reasons below, the Court **GRANTS** the motion.

## II.   BACKGROUND

Plaintiff Lan Ma brings a mandamus action to compel individual defendants with the U.S. Citizenship and Immigration Services to render a decision on her Form I-526 petition. Dkt. # 1. Plaintiff first filed the I-526 petition in September 2015. *Id.* After initiating this lawsuit, U.S. Citizenship and Immigration Services adjudicated Plaintiff's I-526 petition. Dkt. # 25. Defendants now bring a motion to dismiss the complaint for lack of subject matter jurisdiction.

## III.   LEGAL STANDARD

Federal courts are tribunals of limited jurisdiction and may only hear cases authorized by the Constitution or a statutory grant. *Kokkonen v. Guardian Life Ins. Co. of*

ORDER – 1

*America*, 511 U.S. 375, 377 (1994).  The burden of establishing subject-matter jurisdiction rests upon the party seeking to invoke federal jurisdiction.  *Id*.  Once it is determined that a federal court lacks subject-matter jurisdiction, the court has no choice but to dismiss the suit.  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

A party may bring a factual challenge to subject matter jurisdiction, and in such cases the court may consider materials beyond the complaint.  *PW Arms, Inc. v. United States*, 186 F. Supp. 3d 1137, 1142 (W.D. Wash. 2016) (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003); *see also McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) ("Moreover, when considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction.").

## IV.  DISCUSSION

Federal courts lack subject matter jurisdiction to consider moot claims. *Rosemere Neighborhood Ass'n v. U.S. Environmental Protection Agency*, 581 F.3d 1169, 1172 (9th Cir.2009). "A claim is moot if it has lost its character as a present, live controversy." *Id*. at 1172–73 (quoting *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir.1997)). The mootness doctrine assures that federal courts are presented with disputes they can actually resolve by affording meaningful relief to the prevailing party. *See PUC v. FERC*, 100 F.3d 1451, 1458 (9th Cir.1996). If the plaintiff receives the entire relief sought in a particular action, the case generally becomes moot because there is no longer anything in dispute between the parties. *Id*.

In the Complaint, Plaintiff seeks a writ of mandamus compelling USCIS to adjudicate her Form I-526. Dkt. # 1. On June 22, 2022, USCIS adjudicated Plaintiff's Form I-526. Dkt. # 27-1. Because Plaintiff has received the relief sought in this action, this action

ORDER – 2

is moot and the Court no longer has subject matter jurisdiction over the case. Accordingly, the Court will dismiss the action with prejudice.

## V.  CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' motion. Dkt. # Dkt. # 26. Plaintiff's complaint is dismissed with prejudice. The Clerk of the Court shall enter judgment and close the case.

DATED this 19th day of October, 2022.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 3